DOMENGEAUX, Judge.
Plaintiff, David W. Guist, brought this suit against the defendants, 1-49 Truck Plaza and its insurer, Hartford Insurance Company, for damages he sustained due to an exploding tire that had been mounted by an 1-49 Truck Plaza employee on a rim of improper size. After determining that the defendant had not acted negligently, the Trial Court ruled in favor of the defendant and dismissed the plaintiff’s suit. The plaintiff has appealed this ruling based on the following three assignments of error:
(1) The Trial Court erred in determining that the defendant’s employee did not act negligently in mounting a 16 inch innertubed tire onto a 16.5 inch tube-lessrim and then allowing the plaintiff to place 65 pounds of air into the tire.
(2) The Trial Court erred in determining that the defendants were not liable under a duty-risk analysis.
(3) The Trial Court erred in concluding that the plaintiff assumed the risk and/or was contributorily negligent.
FACTS
Around 10:00 p.m. on November 14, 1985, the plaintiff, David Guist, a twenty-eight year old moss picker by trade with an eighth grade education, had a trailer tire *1256 blow out while hauling a week’s worth of moss. After the plaintiff unhitched the trailer from his truck, he left his ten year old nephew to guard the trailer full of moss and drove into Alexandria to have his spare tire mounted onto the blown out tire’s rim.
Around 11:00 p.m. he arrived at the defendant’s establishment, the 1-49 Truck Plaza, and asked to have his spare tire mounted onto the trailer’s rim. The defendants’ employee, Ernest Reed, sixty-one years old with over thirty-one years experience in changing tires, told the plaintiff to bring his tires to the rear. The plaintiff stated that the blown out tire had been a 16 inch innertubed tire mounted onto a 16.5 inch tubeless rim. The plaintiff had purposely combined these tire and rim styles and sizes because he believed it allowed him to carry greater tonnage. However, Reed testified that the blown out tire was a 16 inch tubeless tire, not an innertubed tire, mounted on a 16.5 inch tubeless rim. Both Reed and the plaintiff testified that the spare tire was a 16 inch innertubed tire that the plaintiff wanted mounted onto a 16.5 inch tubeless rim.
Immediately upon seeing the different styles and sizes of the spare tire and the trailer rim, Reed told the plaintiff that the spare tire and trailer rim were incompata-ble and that they would not work together. At this point the testimony varied as to what happened next.
Reed stated that the plaintiff insisted that the tire and rim would work together and pointed to the existing blown out tire that he claimed was a 16 inch innertubed tire on the 16.5 inch tubeless rim. Reed stated that the plaintiff’s youth and apparent strength intimidated him somewhat and he reluctantly agreed to try to mount the 16 inch innertubed tire onto the tubeless rim. After mounting it and placing 5 pounds of air in it to straighten out the innertube, Reed could not get the tire to seal to the rim. He then told the plaintiff that he would not fill the tire with 65 pounds of air pressure as the plaintiff had requested because he (Reed) was “afraid of it”. The plaintiff responded that he was not afraid of it and, after Reed installed a valve core which held the air in the tube, the plaintiff began to fill the tube with air. Reed allowed the plaintiff to proceed airing up the tire and chose to leave the automotive area. Soon thereafter the tire blew up and seriously injured the plaintiff's left hand and wrist.
The plaintiff’s version of events varied slightly. He stated that he and Reed argued over whether the tire Would fit onto the rim. Reed finally told the plaintiff that if the plaintiff did not leave the work area he would not try to mount the tire onto the rim. When the plaintiff returned a few minutes later, Reed was trying to get the tire to seal onto the rim but was unsuccessful. The plaintiff denied that Reed claimed to be “afraid of it”. Instead, the plaintiff stated that after several unsuccessful attempts by Reed to have the tire sealed to the rim, Reed became frustrated, tossed the tire aside and said that it couldn’t be done because the rim was too big for the tire. At that point, the plaintiff began trying to fill up the tire with 65 pounds of air pressure, while Reed, aware of the plaintiff’s intention to fill the tire, left the work area. After three attempts to fill the tire, the tire exploded and injured the plaintiff’s left hand.
The Trial Judge made no findings of fact regarding the discrepancies in the testimony of the plaintiff and Reed. Instead, the Trial Court restated the testimony of sever-* al witnesses and stated that if Reed had stated that he was afraid of the tire, then this was sufficient to put the plaintiff on notice that there was a danger that the tire would blow up. He then made the following ruling:
The problem here, as I see it, is that the dangerous situation by putting this tire on this rim never happened. The tire didn’t blow out, the tube blew out. Very frankly, I didn’t realize it was a dangerous situation, I mean, I was wondering what is the dangerous situation.
Mr. Reed said he didn’t say it was dangerous, he just said it wouldn’t fit, he didn’t know what it would do, and very frankly, that’s what I felt. What is the *1257 danger? There has been no proof that it is a dangerous situation.
Mr. Lohman (the owner of the 1-49 Truck Plaza) testified that it was dangerous to put a tube type tire on a tubeless rim, and very possibly, if the danger caused by putting a tube type tire on a tubeless rim had happened, in other words, if the tire had blown out while it was on a vehicle, or while it was being filled up, because of the lack of fit between the tube, I think there would be some negligence on the part of defendant. But that’s not what happened.
Mr. Guist had the control of the tire at the time, he had been fooling with it, he’d been putting air in it, letting it out. It wasn’t because the rim didn’t fit the tire that it blew out, at least there is no proof in the record that that’s what happened.
Mr. Guist, I’m terribly sympathetic with you because of your injury, and because of the expenses that you have incurred, but the Court doesn’t find any fault on the part of the defendant, and for that reason, the plaintiff’s case is dismissed at plaintiff’s cost.
The plaintiff has appealed the Trial Court’s ruling based on the three aforementioned assignments of error.
NEGLIGENCE
As both the first and second assignments of error consider the issue of whether or not the defendant acted negligently, they shall be addressed together.
The plaintiff argues that the Trial Court erred in holding that the defendant was not liable for the plaintiff’s injuries as the defendant’s actions were the cause in fact of the accident and, under a duty-risk analysis, the defendant breached a legal duty owed to the plaintiff which was within the scope of the protection afforded by that duty.
Duty-risk analysis must be employed in considering asserted negligence, and such analysis requires an examination of whether the defendant’s conduct was the cause in fact of the accident, whether the defendant owed a legal duty encompassing a particular risk of harm to which the plaintiff was exposed, whether the defendant breached that duty and what damages the plaintiff sustained. Forest v. State, through Louisiana Dept. of Transp. & Development, 493 So.2d 563 (La.1986).
As stated earlier, the Trial Court made no findings of fact other than that the plaintiff had not proven that the tire, tube and rim combination constituted a dangerous situation. Based on this sole factual finding, the Trial Court then concluded that the defendant was not negligent. When a Trial Court fails to make findings of fact, the reviewing Court must view the evidence in the light most favorable to the appellees and in support of the judgment. Texas General Petroleum Corp. v. Brown, 408 So.2d 288 (La.App. 2nd Cir.1981).
A review of the record and reasons for judgment indicates that the Trial Judge failed to apply a duty-risk analysis in reaching the ultimate conclusion that the defendant was not negligent. However, after reviewing the evidence in a light most favorable to the defendant/appellees, we find that even under a duty-risk analysis the defendant is not liable for the plaintiff’s injuries as the defendant’s actions were not the cause in fact of the accident.
To be a cause in fact of an injury, such cause must play a significant and substantial role in bringing on the injury and not a remote or slight part. Lastrapes v. South Cent. Bell Telephone Co., 473 So.2d 115 (La.App. 3rd Cir.), writ denied, 477 So.2d 708 (La.1985).
According to Reed’s testimony, he examined the plaintiff’s blown out spare and was positive that it was a 16 inch tubeless tire on a 16.5 tubeless rim. Despite the plaintiff’s assertion that the blown out tire did have a tube in it, we must accept Reed’s version of the facts. This discrepancy, however, leads us to understand why the plaintiff insisted that the proposed spare and rim would be compatible as he believed that his blown out tire had been previously successfully assembled using these styles and sizes. Unfortunately, for the plaintiff, he was unaware that he was insisting on a tire and rim combination that *1258 was both different from what his spare tire had been and quite dangerous. However, because Reed stated that he explained the differences in the tires to the plaintiff and stated many times that the proposed tire/rim combination would not work, we cannot conclude that the plaintiff’s error was attributable to anything said or done by Reed. Also, we do not find that under the circumstances, it was improper for Reed to attempt to mount the tire, despite his belief that it would not work, as the plaintiff insisted that it would work and argued and intimidated the older man into acquiescing. Furthermore, Reed’s testimony indicates that after several unsuccessful attempts to seal the tire with just 5 pounds of air, he told the plaintiff that it would not work and that he was afraid of it. While this may not have specifically put the plaintiff on notice that the tire would explode, it should have indicated to the plaintiff that it would be imprudent to add more air since an experienced tire changer was refusing to do so out of fear of what could happen. We find that the plaintiff’s subsequent decision to add air to the tire, despite Reed’s warnings, constituted the sole cause in fact of the accident and hence, we affirm the Trial Court’s ruling that the defendant was not negligent. The defendant’s actions played neither a significant nor substantial role in causing the plaintiff’s injuries.
As we find no negligence on the part of the defendant, it is unnecessary to address the plaintiff’s additional assignment of error which was premised on a finding that the defendant was negligent.
For the above and foregoing reasons, we affirm the ruling of the Trial Court which found no negligence on the part of the defendant and dismissed the plaintiff’s case.
Costs on appeal are assessed against the plaintiff.
AFFIRMED.